# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 16
The People &c.,
  Respondent,
   v.
Elijah Foster-Bey,
  Appellant.

Dina Zloczower, for appellant.
Seth M. Lieberman, for respondent.
The Innocence Project; Office of the Appellate Defender, Inc.; and The Legal Aid Society, amici curiae.

MEMORANDUM:

The order of the Appellate Division should be affirmed.

This case was argued with People v Cadman Williams (___ NY3d ___ [decided herewith]) and, although the underlying facts of the respective matters are different, the

- 1 -

analysis and the result are the same.  In this case defendant shot a New York City police officer twice in the leg in an incident that was described for the jury by the victim as well as another police officer eyewitness.  Two more police witnesses, respectively, linked defendant to the gun and established that defendant admitted to having shot the subject police officer, albeit accidentally per his claim.

In addition to that evidence, the People intended to link defendant to the gun not through a standard DNA analysis, which could not connect defendant to the gun, but through LCN and FST evidence.  Defendant sought an order precluding that evidence, but the trial court denied that application without first holding a Frye hearing.  Similar to Williams, defendant relied on a scholarly writing from Dr. Bruce Budowle in contending that LCN evidence had not been deemed generally acceptable in the relevant scientific community, and that OCME was the only government facility employing that method for analysis of evidence to be used in a criminal prosecution.  Further similar to Williams, defendant contended that the FST had not been generally accepted within the scientific community inasmuch as it had not been validated by anything or anyone other than OCME. The motion court denied defendant's application in a terse ruling that relied on People v Garcia (39 Misc 3d 482 [Sup Ct, Bronx County 2013]) and People v Megnath (27 Misc 3d 405 [Sup Ct, Queens County 2010]).  The Appellate Division followed suit (158 AD3d 641 [2d Dept 2018]).

Our analysis tracks that set forth in  Williams (___ NY3d at ___) in that it was an abuse of discretion as a matter of law to admit LCN and FST evidence without first holding a Frye hearing given defendant's showing that there was uncertainty regarding whether

such proof was generally accepted in the relevant scientific community at the time of the

subject motion.  We also conclude, however, that the error here was harmless in light of

the eyewitness testimony as to the shooting and defendant's admission to his involvement

in that incident (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).

People v Elijah Foster-Bey

No. 16

DiFIORE, Chief Judge (concurring):

I concur for the reasons stated in my concurring opinion in People v Cadman Williams ( __ NY3d __ [decided herewith]), and agree with the majority that any error in the court's denial of the Frye hearing (Frye v United States, 293 F 1013 [DC Cir 1923])

- 1 -

was harmless, given the overwhelming evidence of defendant's identity as the shooter. Although defendant's motion papers were relatively sparse, a factual issue was sufficiently joined as here the multiple-source DNA sample at issue was 16.3 picograms – below the apparent 25 picogram threshold validated by Office of the Chief Medical Examiner's internal studies and approved for use by the DNA subcommittee and the Commission on Forensic Science – and, at the time of the motion practice in April 2013, no prior determination on the general acceptability of forensic statistical tool (FST) evidence in the relevant scientific community had been issued after a Frye hearing. Therefore, the court's "complete deference" to the decision in People v Garcia (39 Misc 3d 482 [Sup Ct., Bronx County 2013], affd 170 AD3d 462 [1st Dept 2019], lv denied 33 NY3d 482 [2019]), which held, without a Frye hearing, that both low copy number testing results and FST evidence were generally accepted in the scientific community and admissible, was not a sufficient basis to deny the Frye hearing (see Williams, concurring op. at 7).

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Order affirmed, in a memorandum. Judges Rivera, Stein, Fahey and Wilson concur. Chief Judge DiFiore concurs in result in an opinion in which Judges Garcia and Feinman concur.

Decided March 31, 2020